Submitted on record and appellant's brief May 20, reversed and remanded November 3, 1980

CAVEMAN CREDIT SERVICE, INC.,
*Respondent,*

*v.*

EMERY et al,
*Appellants.*

(No. 79-403-C, CA 17190)

618 P2d 1292

Robert M. Emery, Grants Pass, filed the brief pro se.

Benjamin E. Freudenberg, Grants Pass, waived appearance for respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This case began as an action by plaintiff collection agency against defendants to collect an unpaid account assigned to plaintiff by a southern Oregon law firm. After a series of maneuvers between the parties which are described more fully below, a default judgment was entered for plaintiff. Defendants' motion for relief from default was denied. Defendants appeal. We reverse.

The procedural history of this case may be described as follows:

October 3, 1979 - Original complaint filed.

October 8, 1979 - Defendant Florence Emery served with a copy of the complaint.

October 16, 1979 - Defendants specially appeared and moved to quash summons.

November 8, 1979 - Defendants' motion to quash summons granted. (In the meantime, separate services of summons had been made again on the defendants on November 5, 1979.)

November 23, 1979 - Defendants filed a motion to strike, which motion was later denied on January 8, 1980.

December 10, 1979 - Plaintiff filed a motion for summary judgment, supported by affidavit.

December 17, 1979 - Trial court entered an order setting a hearing on the motion for summary judgment for January 8, 1980.

January 8, 1980 - Defendants' motion to strike denied, and the defendants given 10 days in which to plead further. On this same day, defendants filed both a "response to motion for summary judgment" and a "motion to make more definite and certain." A file note from that date indicates that one of the district court judges had given the plaintiff 10 days in which to file a supplemental affidavit in support of its motion for summary judgment.

January 28, 1980 - Plaintiff filed a motion for default judgment, together with supporting documents, with the trial judge.

January 31, 1980 - Defendants filed their "response to motion for default," in which they remind the trial court that they have pending a motion to make the plaintiff's complaint more definite and certain, and that they therefore regard the motion for default as inappropriate.

February 20, 1980 - A letter from the court set all pending motions for argument on March 3, 1980.

March 3, 1980 - The trial court entered a default order and judgment, reciting that the defendants had " * * * failed to answer said complaint or to otherwise appear herein."

March 12, 1980 - Defendants moved to set aside the default order and judgment on the ground, *inter alia,* that their motion to make the plaintiff's complaint more definite and certain was still pending and that they had, therefore, "otherwise appeared herein."

March 19, 1980 - Trial court denied defendants' motion to set aside the default order and judgment.

March 28, 1980 - Defendants filed their notice of appeal to this court.

We think that the above recitation amply demonstrates the fact that the trial court improperly entered an order of default and judgment against the defendants. So far as it appears in this case, defendants' motion to make more definite and certain had never been ruled upon. Even assuming that there might someday arise a case in which it could do so, the course of this case had not been so protracted, nor its history of motions so extensive, as to suggest that the defendants' motion was sham or frivolous, or to suggest in any other way that the trial court was justified in ignoring the motion and instead penalizing the defendants for not answering without first having warned them of this possible consequence.

Reversed and remanded with instructions to set aside the default order and judgment.